■ In the Matter of RUTH J. FRANKEL, Respondent, v. BOARD OF EXAMINERS OF THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— In a proceeding under article 78 of the Civil Practice Act, to annul a determination of the respondent Board of Examiners, dated May 29, 1962, revoking the petitioner's license as a regular school secretary, said board appeals from an order of the Supreme Court, Kings County, dated August 6, 1962, made upon reargument, which adhered to the court's original determination granting petitioner's application to the extent of: (a) allowing her additional time within which to make up the necessary credits required to validate her license as a regular school secretary; and (b) directing the board to rescind its said determination and to restore her to her prior status and position, upon proof that she has obtained such credits. Order reversed on the law and the facts, without costs, and petition dismissed, without costs. Petitioner challenged the right of the board to terminate her license as a regular school secretary because of her failure to meet the eligibility requirements for such license by the prescribed date. She contended that she had timely met the requirements by reason of credit previously allowed when her license for the position of substitute school clerk was validated. It appears, however, that the educational requirements set forth by the board in the examination announcement for license as a regular school secretary differ materially from those set forth in the examination announcement for substitute school clerk. The former calls for 30 semester hours of college courses while the latter requires 30 semester hours of "approved posthigh school courses." The board has the authority to

determine whether or not courses should be counted for the purpose of eligibility. In the absence of clear and convincing error, its decision must stand (*Matter of Gladstone* v. *Board of Educ., City of New York,* 72 N. Y. St. Dept. Rep. 59; *Matter of Ente,* 67 N. Y. St. Dept. Rep. 57). No act of the board led petitioner to believe that the credits which were allowed her for license as a substitute school clerk were sufficient to satisfy the eligibility requirements for a regular school secretary; she merely made such an assumption. Had she made inquiry, as suggested in the examination announcement, she would have found otherwise. Furthermore, the State Constitution (art. V, § 6) requires that examinations, such as the one for which the petitioner here applied, shall be competitive. Having fixed a deadline date within which the eligibility requirements must be met by all candidates, the board is without power to extend such date to meet the exigencies of any particular candidate (*Matter of Ente, supra; Matter of Breger,* 57 N. Y. St. Dept. Rep. 415). Beldock, P. J., Ughetta, Christ, Brennan and Rabin, JJ., concur.